UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>-Of-<br><br>Miller's Tug and Barge, Inc. and Miller's Marine, Inc., As Owners and/or Owners *pro hac vi*ce of a 50-foot tugboat named "Shawn Miller", for Exoneration from or Limitation of Liability,<br><br>      Plaintiffs,<br>-versus-<br><br>John McLoughlin,<br><br>      Claimant(s). | Civil Action No.:<br> 20-cv-00562 (ALC)(BCM)<br><br><br><br><br><br><br>**STIPULATION AND ORDER OF<br>CONFIDENTIALITY** |
| IN THE MATTER OF THE COMPLAINT<br><br>-of-<br><br>TAPPAN ZEE CONSTRUCTORS, LLC, as owner of the barge FF#14, for exoneration from or limitation of liability,<br><br>      Petitioner. | Civil Action No.:<br> 20-cv-02657 (ALC)(BCM) |

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties to the above-captioned proceedings (the "Proceedings") through their respective counsel subject to the approval of the Court that pursuant to Federal Rule of Civil Procedure 26(c), the following Confidentiality Order be entered.

  **IT IS HEREBY ORDERED THAT:**

  1. This Stipulation & Order of Confidentiality ("Confidentiality Order") shall govern information and materials produced or disclosed and designated "Confidential" in relation to these Proceedings by any party ("Producing Party"), to any other party ("Receiving Party"), including without limitation, information and materials produced or disclosed

(a) during any discovery that may occur or may have occurred through cooperation or agreement of the Parties;

(b) during formal discovery;

(c) in any pleading, document, affidavit, interrogatory, answer, response to requests for admission, brief, motion, transcript or other writing;

(d) in testimony given in a deposition, and any copies, notes, abstracts or summaries of such testimony; and

(e) through any other manner of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

These materials shall be referred to hereinafter as "Litigation Material."

2. The Producing Party shall have the right, in good faith, to designate all or any portion of any Litigation Material as "Confidential" in accordance with the procedures set forth herein, provided the information so-designated contains, reveals or reflects non-public information containing or referencing:

(a) trade secret, or other confidential research, development, financial or commercial information and business records.

(b) personal information, medical records and information or other information that to be filed in the public record would be required to be redacted in whole or in part.

This information shall be referred to hereinafter as "Confidential Information." Litigation Material not containing or referencing the information specified in this paragraph 2 shall not be designated as "Confidential Information." No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in the possession of such information (and who did not originally obtain that information in disclosure by the Producing Party on a previously produced confidential basis) on a non-confidential basis, shall be deemed or considered to be Confidential Information under this Confidentiality Order.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3. Any Producing Party may in the exercise of good faith designate as "confidential" any portion of any Litigation Material, as follows:

- (a) Documents or other tangible Litigation Materials may be designated as "confidential" at any time by bates stamping or otherwise marking all pages of the Litigation Material that contains Confidential Information with the word "CONFIDENTIAL" in red lettering at or before the time of production.

- (b) Deposition or other testimony may be designated as "confidential" by stating orally on the record that the information is "confidential," on the day the testimony is given. The cover of all copies of the deposition transcript that contains Confidential Information shall be stamped or otherwise marked with the words: "CONFIDENTIAL MATERIAL ENCLOSED."

- (c) Where only parts of Litigation Material are designated as "confidential," the Producing Party shall designate the parts of the Litigation Material for which confidentiality is claimed, and only those parts shall be subject to this Confidentiality Order.

- (d) When designating as "confidential," the marking shall not, to the best extent possible, obscure the contents of the Litigation Material.

4. No party shall be held in breach of this Confidentiality Order for disclosing Litigation Material to persons unauthorized to receive Confidential Information if such Litigation Material has not been designated as "Confidential" by the Producing Party, pursuant to Paragraph 3 of this Confidentiality Order.

5. Once the Receiving Party has notice that the Producing Party has designated Litigation Material as "Confidential," the Receiving Party shall treat the designated materials as "Confidential" in accordance with this Confidentiality Order.

## TREATMENT OF CONFIDENTIAL INFORMATION

6. Confidential Information (including copies, notes, abstracts or summaries thereof) shall be maintained in confidence by the Receiving Party and shall not be disclosed to any person except:

(a) the Court and Court staff;

(b) any other Court, Tribunal, Panel, and their respective staff, that will consider legal issues relating to or arising out of the incident occurring on or about October 17, 2019 that is the subject of the litigation;

(c) the court reporters and other stenographic employees who record or transcribe testimony related to these Proceedings;

(d) counsel and co-counsel of record, and the legal associates, paralegals, clerical or other support staff employed by such counsel and actually involved in assisting with these Proceedings;

(e) other counsel, and the legal associates, paralegals, clerical or other support staff employed by such counsel and actually involved in assisting with legal issues relating to or arising out of the incident occurring on or about October 17, 2019;

(f) the insurers of the Parties;

(g) the Parties, and those directors, officers and present employees of the Parties who are assisting with these Proceedings;

(h) the experts or consultants consulted with and/or retained by the Parties or their counsel to assist with these Proceedings;

(i) anticipated or actual deposition or trial witnesses to whose testimony the Confidential Information is relevant; and

(j) any other person, upon written agreement of the Producing Party (which written agreement may be recorded on a deposition or other transcript) or pursuant to court order.

7. All persons authorized to receive Confidential Information shall take all reasonable and necessary steps to secure any Confidential Information and shall limit access to Confidential Information to those persons identified in Paragraph 6.

8. Prior to disclosure of any Confidential Information to a person identified in sub-Paragraph 6(h), the person shall be presented with a copy of this Confidentiality Order and will sign a Certification in the form annexed at Appendix A. The Receiving Party shall retain the Certification and make it available to the Producing Party upon a showing of good cause. Persons to whom Confidential Information is disclosed solely for clerical or administrative purposes, and

who do not retain a copy or extract thereof, shall not be required to execute a Certification.

## USE OF CONFIDENTIAL INFORMATION IN PROCEEDINGS

9. If Confidential Information or references thereto, are to be included in pretrial papers filed with or otherwise provided to the Court, the Receiving Party intending to file such Confidential Information shall give the Producing Party 10 days advance notice of the intention to file such Confidential Information. If the Producing Party wishes to seek a protective order to have the Confidential Information filed under seal, the Producing Party shall move by Letter Motion no later than two (2) days before the filing date. If no such motion is made, the Confidential Information may be filed with the Court without restriction. If such a motion is made, the Receiving Party has 7 days to respond to the motion. Until such a motion is decided, the papers shall be filed with the Confidential Information redacted. If a Producing Party seeks to file Confidential Information under seal, the Producing Party shall move by Letter Motion for a protective order on the day of filing and the papers shall be filed with the Confidential Information redacted. If such a motion is made, the Receiving Party has 7 days to respond to the motion. If a motion is made under this paragraph, the Producing Party shall deliver copies of the Confidential Information to chambers for *in camera* inspection. Once a motion made under this paragraph is decided, the redacted Confidential Information shall be filed with the Court either without restriction or under seal as the decision and order in the case so dictates.

10. The provisions of this Confidentiality Order shall govern pretrial proceedings and discovery and shall not affect the conduct of trial or any other proceeding in open court, subject to the right of any Party to seek an order of protection. The Court shall order an appropriate procedure for the use of Confidential Information at or during the course of trial.

11. Disclosure by a Producing Party or Receiving Party of Confidential Information to

a witness during a deposition will not result in waiver of its "Confidential" status, provided:

    (a)    the witness is identified as a signatory, author, addressee or recipient of a copy; or

    (b)    the witness is a witness as listed in sub-paragraph 6(i) above; or

    (c)    the witness is a current officer, director or employee of a Party; or

    (d)    the witness is an officer, director or employee of a witness designated by a Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; or

    (e)    the witness is a nonparty testifying under subpoena or by agreement, or

    (e)    the witness is a Party's expert witness being examined during expert discovery, provided that they sign a certification in the form appended as Annex A to this Order and agree on the record to be bound by this Order.

12. The Parties retain the right to apply to the Court for relief from the provisions of Paragraph 12.

13. All Confidential Information, and the contents thereof, shall be used solely in relation to these Proceedings and any foreign legal proceedings relating to or arising out of the incident occurring on or about October 17, 2019, and shall not be used in connection with any other proceeding or potential proceeding, nor for any business, commercial or competitive purposes. The Parties expressly reserve their rights to object to the use and admissibility of any Confidential Information in any other proceeding.

## **OBJECTIONS**

14. A Receiving Party may object to a designation of Litigation Material as "Confidential." In such instance, the Producing Party shall provide an explanation of the basis of the designation within 14 days of the objection. If the Parties are unable to resolve the objection within 14 days of the Receiving Party's receipt of the Producing Party's explanation, the Producing Party may move the Court for a protective order within 28 days of the Receiving Party's receipt of the Producing Party's explanation. This Confidentiality Order has no effect on the burden of

proof set forth by Rule 26 of the Federal Rules of Civil Procedure or by law. Until the Court rules on any such motion, the Litigation Material shall continue to be deemed "Confidential." In the event that a Producing Party fails to explain the basis for the Confidential designation within the 14-day period as aforesaid, such failure shall result in removal of the "Confidential" designation.

15. Unless otherwise ordered by the Court, if in the face of an unresolved objection to its designation of Litigation Material as "Confidential," a Producing Party fails to seek a protective order pursuant to Paragraph 14, any designation as "Confidential" will be removed.

## GENERAL PROVISIONS

16. A Receiving Party served with a subpoena or other notice in another proceeding by a party not signatory to this Confidentiality Order, which seeks production or disclosure of Confidential Information, shall give written notice as soon as practicable to the original Producing Party, enclosing a copy of the subpoena. Where possible, the Receiving Party shall give at least ten (10) days-notice to the Producing Party before producing or otherwise disclosing the Confidential Information; however, in no event shall the Receiving Party produce or disclose the Confidential Information before notice is received by the Producing Party, unless required by the decision of a court or administrative body of competent jurisdiction. Upon receipt of such written notice, the original Producing Party shall bear the burden, if it deems appropriate, of opposing the subpoena or other notice.

17. Within forty-five (45) days of the final conclusion of these Proceedings, and all substantially related proceedings, by settlement or final judgment, including exhaustion of all appeals, the Parties shall use all best efforts to assemble and seek return of Confidential Information (and all copies and notes, abstracts or summaries thereof) from all persons to whom such materials were disclosed, and shall return all such materials to the original Producing Party,

at the Producing Party's expense. In lieu of returning said Confidential Information to the Producing Party, counsel for the Receiving Party may, at its expense, have all Confidential Information destroyed by an outside vendor and shall supply to the Producing party's counsel a certification or affidavit from Receiving Party's counsel that all confidential material has been collected from all sources within that counsel's control and that the materials have been destroyed. Counsel may retain work product, copies of court filings and official transcripts and exhibits containing or referencing Confidential Information, provided any or all such retained documents are kept confidential and continue to be treated as provided herein. The Producing Party to whom the Confidential Information is returned shall retain those materials for a period of six (6) years from the date of their return.

18. This Confidentiality Order shall survive the conclusion of this action, and the Court will retain jurisdiction to enforce it.

19. This Confidentiality Order may, be amended or modified at any time by stipulation of the Parties, or by order of the Court. The Parties consent to an expedited hearing upon any such application.

## RESERVATION OF RIGHTS

20. Entering into, agreeing to, producing, or receiving materials, and/or otherwise complying with this Confidentiality Order shall not in any way:

   (a) constitute an agreement by the Parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by law or court order;

   (b) constitute a waiver by any person or party of any right to object to or seek a further order from the Court with respect to any discovery request in these Proceedings or any other proceeding;

   (c) constitute a waiver of any claim of privilege or exemption with regard to any testimony, documents or other information;

(d) operate as an admission by any Party that any particular Litigation Material contains or reflects sensitive or confidential proprietary, commercial, business, or personal information; and/or

(e) be construed to affect the admissibility of any documents, testimony or other evidence at trial.

21. Evidence of the existence or non-existence of a designation under this Confidentiality Order shall not be admissible for any purpose.

Dated: New York, New York
       March 1, 2021

RUBIN FIORELLA & FREIDMAN, & MERCANTE LLP

By: _____
    James Mercante, Esq.
    630 Third Avenue, 3rd Floor
    New York, New York 10017

HOFMANN & SCHWEITZER

By: _____
    Paul T. Hofmann, Esq.
    212 W. 35th St., 12th Fl
    New York, NY 10001

GIULIANO MCDONNELL & PERRONE, LLP

By: _____
    Joseph J. Perrone, Esq.
    5 Penn Plaza, 23rd Floor
    New York, New York 10001

KAUFMAN DOLOWICH & VOLUCK LLP

By: _____
    Kenneth B. Danielsen, Esq.
    40 Exchange Place, 20th Floor
    New York, NY 10005

**SO ORDERED.**

_____
Honorable Barbara Moses
United States Magistrate Judge

Dated this _____ day of March 2021

SO ORDERED, with modifications to paragraph 9 as follows: If 10 days' advance notice of a Receiving Party's intention to include Confidential Information in a filing cannot be given (because, for example, the issue arises in a motion or brief to which the Receiving Party is required to respond in less than 10 days), the Receiving Party shall give as much notice as possible under the circumstances. If a party seeks to file a pleading or other paper under seal, they must comply with this Court's relevant Individual Practices and with § 6 of the SDNY ECF Rules & Instructions, which generally require that the document(s) as to which sealing is requested be electronically filed under temporary seal by using a restricted viewing level along with the sealing motion itself. Paper copies are generally not required for in camera inspection.

_____
Barbara Moses, U.S.M.J.
March 4, 2021

## APPENDIX A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br><br>-Of-<br><br>Miller's Tug and Barge, Inc. and Miller's Marine, Inc., As Owners and/or Owners *pro hac vic*e of a 50-foot tugboat named "Shawn Miller", for Exoneration from or Limitation of Liability,<br><br>Plaintiffs,<br>-versus-<br><br>John McLoughlin,<br><br>Claimant(s). | Civil Action No.:<br>20-cv-00562 (ALC)(BCM)<br><br><br><br><br><br><br>**CERTIFICATION** |
| IN THE MATTER OF THE COMPLAINT<br><br>-of-<br><br>TAPPAN ZEE CONSTRUCTORS, LLC, as owner of the barge FF#14, for exoneration from or limitation of liability,<br><br>Petitioner. | Civil Action No.:<br>20-cv-02657 (ALC)(BCM) |

The undersigned, _____ (print or type name), under oath, hereby acknowledges that s/he received a copy of the Stipulation & Order of Confidentiality, so-ordered by the Court on March _____, 2021, in the matter of each of the above named proceedings, all arising from the incident involving John McLoughlin on the TZC Flexi-Float #14 on or about October 17, 2019, and has read, and agrees to be bound by, the provisions thereof.

The undersigned hereby submits to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of the enforcement of said Stipulation & Order of Confidentiality.

                                                                                                                _____

                                                                                                                                     (Signature)

Sworn to and subscribed before me
This \_\_\_ day of _____, 2021

_____
Notary Public